JAMES B. DILLON, appellant, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, a corporation, appellee.

No. 50827.

(Reported in 124 N.W.2d 543)

NOVEMBER 12, 1963.

McQueen, Forker, Dandos & Larson, of Sioux City, for appellant.

Sifford & Wadden, of Sioux City, and Davis, Huebner, Johnson, Burt & Fulton, of Des Moines, all for appellee.

SNELL, J.—This is a special action under chapter 650, Code of Iowa, to ascertain and establish a disputed boundary.

Plaintiff claims record title. Defendant claims title by acquiescence, adverse possession and estoppel.

Under section 650.15 this appeal is heard as in an action by ordinary proceedings. The appeal is not de novo. The findings of fact by the trial court if supported by substantial evidence are binding on us. Citation of authorities is unnecessary. See rule 344 (f) 1, Rules of Civil Procedure.

I. The property in dispute is in Lots Seven (7) and Eight (8) of Block One (1), Floyd City, an Addition to Sioux City.

The railroad tracks and right-of-way of the Chicago & Northwestern Railway Company, defendant herein, cross the lots and have for many years.

In 1944 a warranty deed from a former owner to James B. Dillon described

"All that part of Lots Seven (7) and Eight (8), of Block One (1), Floyd City, an Addition to Sioux City, Woodbury County, Iowa, east of the west seventy-four (74) feet thereof, except the right-of-way of the Sioux City & Pacific Railway Company."

Chicago & Northwestern Railway Company is the successor in interest to the Sioux City & Pacific Railway Company.

The present issue in the case at bar is what defendant is entitled to claim as part of its right-of-way.

In 1869 the owner of Lot Seven (7) conveyed to Sioux City & Pacific Railroad Company

"All that portion or parcel of said land lying and being within fifty (50) feet in width on each side of the center line of said railroad as the same is now definitely located, staked out and built over and across Lot Seven (7), in Block One (1), Floyd City, Woodbury County, Iowa."

In 1872 the Sioux City & Pacific Railroad Company took by condemnation "a strip of land within fifty feet in width from the center line of said railroad as now surveyed, staked out and located over and across Lot 7, in Block 1, Floyd City, Woodbury County, Iowa, a strip of land from the east end of said lot forty feet on north line and twenty feet on south line of said lot," and, "a strip of land within fifty feet in width from the center line of said railroad as now surveyed, staked out and located, over and across Lot 8, in Block 1, Floyd City, Woodbury County, Iowa, a triangular piece of land commencing at a point on the east line of said lot forty feet from the northeast corner, thence running north on the east line forty feet to the southeast corner, then running west on the north line twenty feet, thence in a southerly direction to the place of beginning."

The land enclosed by these metes and bounds descriptions is east of and does not include the land now in controversy.

There is nothing in the record to indicate when the change was made but from the various documents it is apparent that sometime subsequent to 1872 and prior to 1901 the railroad tracks originally used as the basis for measurements had been moved to the west.

The area now in dispute is indicated by a rough sketch drawn only approximately to scale. The row of short horizontal lines running diagonally from the south line of Lot 8 to the north line of Lot 7 shows the direction and approximate location of the boundary line established by the trial court.

DACE     AVE.

E. 76' of LOTS 7 AND 8
BLOCK 1
FLOYD CITY ADDITION

The assistant chief engineer of defendant-company identified a blueprint prepared in 1901 from which he computed the

defendant's boundary line to be somewhat farther west than would be indicated by original deeds. Another engineer for defendant identified old landmarks showing the location of the main line tracks in 1901. Business records, including maps prepared 40 and 50 years or more ago, show that defendant claimed or assumed ownership of the property in controversy.

In 1923 the City of Sioux City by ordinance granted Wertz Seed Company permission and license for the construction of a sidetrack to the seed company plant. Pursuant to this permission Wertz Seed Company contracted with defendant railroad company for the construction of the railroad tracks to be located as shown on the blueprint map attached to the contract. The blueprint locates the proposed sidetrack west of the main line tracks on Lots Seven (7) and Eight (8). The sidetrack was constructed and has been maintained without substantial change of location. Subsequent agreements in 1944 and 1948 between defendant railroad company and Nutrena Mills, Inc., provide for railroad sidetrack service to the same location as in the Wertz contract.

During the past 40 to 60 years and continuing to the time of trial the defendant railroad company has installed and maintained on the property in dispute various equipment incident to the operation of a railroad, including railroad tracks, switches and switch boxes, telephone and telegraph poles. These installations were beyond the boundary line contended for by plaintiff and within the boundary claimed by defendant.

Sometime at least 40, or possibly as much as 60, years ago plaintiff's predecessor in interest built a building on part of Lot Eight (8) and extending north into Lot Seven (7). It remains as originally located. It is rectangular in shape except that the northeast corner is cut off diagonally, or as the trial court said on a bias exactly along the boundary line contended for by defendant.

There was additional evidence in support of defendant's contention but as this appeal must be determined as in an ordinary action no useful purpose would be served by extended recitation thereof.

Factually, plaintiff contends that a 1942 survey showed no

encroachment by defendant on the property plaintiff now claims. He says he was absent from the state from 1948 until 1950 or 1951; that in 1951 and at various times since then he has complained to defendant about encroachment and that his title is supported by the public record. Plaintiff took no official action against defendant until this action was started in April 1959. Defendant's rights had ripened long before plaintiff made any complaint of any kind and even before he acquired title to any part of Lots Seven (7) and Eight (8).

The trial court found for and established a boundary line as sought by defendant. Plaintiff appeals contending insufficient support in the record to support the trial court's findings and conclusions.

The trial court found:

"That when the defendant, Chicago and North Western Railway Company, acquired the property in question in 1901 the main line track as material herein was located to and 50 feet east of a line commencing at a point on the south boundary of and 20 feet west of the southeast corner of Lot 8, in Block 1, Floyd City, an Addition to Sioux City, Woodbury County, Iowa, and extending in a generally northwesterly direction to a point on the north boundary of and 55 feet west of the northeast corner of Lot 7, in Block 1, Floyd City, an Addition to Sioux City, Woodbury County, Iowa, and that a line parallel with that track and 50 feet to the west of it is the boundary line as contended for by the defendant, Chicago and Northwestern Railway Company.

"That from and after 1901 and to the present date the Chicago and Northwestern Railway Company took possession of and have continuously occupied the strip of land in question up to the boundary line as described * * * as evidenced by it building a sidetrack in 1923 and another track in 1948 on the strip of land, and by its making other installations on the property in the nature of switch boxes, telegraph and telephone poles, all of which were beyond the boundary line contended for by the plaintiff and within the boundary line contended for by the defendant, Chicago and Northwestern Railway Company.

"That the Chicago and Northwestern Railway Company's

possession of the strip of land, and the boundary it contends for, has been to the exclusion of the rights of all other persons as evidenced by its use of the property, solely for its own purposes, excluding uses by any other parties, * * *.

"That the improvements aforementioned built by the defendant, Chicago and Northwestern Railway Company, upon the strip of land in question were of substantial value and the plaintiff and his predecessors in title knew of the building of these improvements and of the fact that they were of substantial value, but did nothing to advise or inform the defendant, Chicago and Northwestern Railway Company, of their claim to the land, their contention that the improvements encroached upon property they claim belongs to them, or otherwise. ·

"That the conduct of the plaintiff, his predecessors in interest and the Chicago and Northwestern Railway Company, indicates clearly that the parties for more than 10 consecutive years have consistently recognized and acquiesced in a boundary line to the land in question to be as described * * *."

■ There is substantial support in the record for the trial court's finding.

II. Defendant prayed for dismissal of plaintiff's petition and affirmative relief establishing the boundary line as claimed and decree quieting title in defendant.

Section 650.14, Code of Iowa, provides:

"Boundaries by acquiescence established. If it is found that the boundaries and corners alleged to have been recognized and acquiesced in for ten years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established."

■ Defendant, seeking the establishment of the boundary line by acquiescence and adverse possession, has the burden of establishing its claim. Lannigan v. Andre, 241 Iowa 1027, 1029, 44 N.W.2d 354, and cases cited therein; Kennedy v. Oleson, 251 Iowa 418, 421, 100 N.W.2d 894; Olson v. Clark, 252 Iowa 1133, 1136, 109 N.W.2d 441.

We have recently reviewed the law relating to title by acquiescence. See Kennedy v. Oleson and Olson v. Clark, both supra.

In Kennedy v. Oleson, 251 Iowa loc. cit. 427, we said:

"All of our cases on the question of acquiescence require the parties or their predecessors in title to recognize the line contended for as the boundary line. This may be by conduct, claims made or asserted, but it must be by both parties. It involves the claim or assertion by one party known to the other and failure to take any step to the contrary for the statutory period." (Citations)

In Olson v. Clark, 252 Iowa loc. cit. 1136, we said:

" '* * * Where two adjoining owners for ten years or more mutually acquiesce in a line, definitely marked by a fence or in some other manner as the dividing line between them, such line becomes the true boundary although a survey may show otherwise and neither party intended to claim more than called for by his deed.' " (Citations)

In the case at bar there is evidence by testimony, records, surveys and plats that for over 40 years the parties and their predecessors in interest have acquiesced in the line contended for by defendant.

Defendant has installed railroad tracks, switch boxes, telephone and telegraph poles thereon and has used the area. Plaintiff's predecessor in interest built a building with the northeast corner thereof cut off on a bias conforming to defendant's claim. A fence to the north of the property in dispute runs diagonally in line with the truncated corner of plaintiff's building. There is no logical explanation for the unusual shape of the building on plaintiff's land except acquiescence in the boundary line.

Concluding as we do that there is ample evidence in the record to support the findings of the trial court on the doctrine of acquiescence, consideration of the additional affirmative matters urged by defendant is unnecessary.

The case is—Affirmed.

All JUSTICES concur.